IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY RAY KIRBY, JR., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:25-CV-3007-X-BK |
| | § | |
| CITY OF ITALY, TX, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* civil action was re-referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate.  Upon review, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for failure to state a claim.

On January 8, 2026, the Court issued an order to replead, advising Plaintiff that his complaint did not meet the basic pleading requirements of Federal Rule of Civil Procedure 8(a).  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  The Court explained the deficiencies in the complaint and ordered Plaintiff to file an amended complaint.  Doc. 14.  Specifically, the Court concluded that the complaint lacked factual content to show that any of the violations alleged are plausible (not just speculative or even conceivable).  The Court also found that the complaint failed to plead a plausible claim against the Defendant, a municipality.  *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978).  The deadline for Plaintiff to file an amended complaint was April 6, 2026.

However, Plaintiff has not complied with the Court's order, nor has Plaintiff sought an extension of time to do so.

Under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Further, because Plaintiff is proceeding *in forma pauperis*, the Court may also dismiss his complaint *sua sponte* if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Here, Plaintiff has been given ample opportunity to respond to the order to replead and file an amended complaint that states a plausible claim. He has impliedly refused or declined to do so. His complaint also fails to state a plausible claim for the reasons detailed in the order to replead. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** for: (1) failure to comply with a court order and for lack of prosecution, *see* FED. R. CIV. P. 41(b), and (2) failure to state a claim upon which relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on April 14, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).